15-2528-cv
*Klein v. PetroChina Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT: CHESTER J. STRAUB,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JEFFREY KLEIN, SAMUEL AYOUB,
*Plaintiffs-Appellants*,

PTR GROUP, JOHAN BROUX, individually and on behalf of all others similarly situated,
*Plaintiffs*,

v.                                                          15-2528-cv

PETROCHINA COMPANY LIMITED, ZHOU JIPING, YU YIBO, JIANG JIEMIN, ZHOU MINGCHUN, JIEMIN JIANG, HUALIN LI, XINQUAN RAN,
*Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS: PHILLIP KIM, Laurence M. Rosen, The Rosen Law Firm, P.A., New York, New York.

FOR DEFENDANTS-APPELLEES: A. ROBERT PIETRZAK, Joel M. Mitnick, Eamon P. Joyce, Tom A. Paskowitz, Benjamin F. Burry, Sidley Austin LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Jeffrey Klein and Samuel Ayoub (the "Investors") appeal an August 6, 2015 judgment of the United States District Court for the Southern District of New York entered after it dismissed the Investors' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Investors do not appeal the merits of that Rule 12(b)(6) determination: They contend principally that the district court abused its discretion in earlier denying their motion for leave to file a supplemental pleading pursuant to Rule 15(d). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In September 2013, certain investors in defendant-appellee PetroChina Company Ltd. ("PetroChina") brought putative class actions against PetroChina and some of its corporate officers. After the district court consolidated the cases and appointed the Investors as lead plaintiffs, they filed an amended complaint alleging that

PetroChina and its officers had engaged in securities fraud by certifying to the Securities Exchange Commission (the "SEC") that it had disclosed "any fraud, whether or not material, that involves management or other employees who have a significant role in [its] internal control over financial reporting," when in fact it had not disclosed widespread corruption, bribe-taking, and improper self-dealing by PetroChina's top brass. ECF No. 17, at 12; *see* 15 U.S.C. § 7241(a)(5)(B) (requiring corporate officers to disclose such fraud in SEC filings).

On August 5, 2014, PetroChina moved to dismiss the amended complaint. Five days before their opposition to the motion was due, the Investors responded by requesting permission to file a second amended complaint. At an October 23, 2014 hearing, the district court granted the Investors' motion for leave to amend their amended complaint to plead new factual developments concerning "additional corruption arrests." App. at 13, 26. The district court did so with the understanding -- made clear on the record -- that if the newly amended complaint was to be dismissed, the dismissal would be "with prejudice." *Id.* at 26. The Investors then filed a second amended complaint that included allegations that several corporate officers -- including former Chairman and CEO Jiang Jiemin -- had been arrested and were facing criminal charges in the People's Republic of China for bribery and corruption.

Again, PetroChina moved to dismiss. By letter dated March 24, 2015 -- just three days before their opposition to the motion was due -- the Investors moved for

leave to file a supplemental pleading outlining the criminal charges against Jiang and similar charges or investigations as to other corporate officers. At an April 10, 2015 hearing, the district court denied the motion, and on August 3, 2015, the district court dismissed the second amended complaint pursuant to Rule 12(b)(6). This appeal followed.

We review a district court's denial of leave to file a supplemental pleading for abuse of discretion. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 65-66 (2d Cir. 1995). The district court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As with motions for leave to amend pleadings, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino*, 71 F.3d at 66 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The district court acted within its discretion here. The district court reasoned that the defendants should not have "to play whack-a-mole with this case" "every time someone is indicted" and that the new allegations appeared to "be duplicative of what's already in the [second amended] complaint." App. at 74-75. Indeed, the second amended complaint already detailed specific facts about numerous arrests and criminal charges against PetroChina corporate officers. The fact that yet another corporate officer was indicted did not meaningfully bolster the Investors' case.

Moreover, the request to file a supplemental pleading was made some eighteen months after the suit was commenced, after the Investors had already filed *and* amended their pleadings, and after PetroChina had already filed two motions to dismiss. Finally, the district court granted the Investors' leave to file their second amended complaint with the understanding that they would not have an opportunity to file yet another pleading. The district court therefore did not abuse its discretion, especially in light of our general interest to "promote the economic and speedy disposition of the controversy between the parties." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989).

We have reviewed the Investors' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk